UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

KEVIN G. LEWIS,

    Plaintiff,

v.

INTEGRITY FINANCIAL PARTNERS, INC.,
and HILCO RECEIVABLES, LLC,

    Defendants.

_____/

## COMPLAINT
## JURY DEMAND

    1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

    2.    With respect to Plaintiff's claim under the FDCPA, this Court has federal question jurisdiction as the claim arises under federal law – the FDCPA.

    3.    With respect to Plaintiff's claim under the TCPA, the Court has both diversity jurisdiction under 28 U.S.C. §1332 and supplemental jurisdiction under 28 U.S.C. §1367. The citizenship of the parties are diverse, Florida, Kansas and

Illinois. Plaintiff alleges in excess of 50 violations of the TCPA. The TCPA provides for damages of up to $1,500 per violation. Accordingly, the amount is controversy is in excess of $75,000, and exceeds the threshold amount required to establish diversity jurisdiction.

## PARTIES

4. Plaintiff, KEVIN G. LEWIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. Defendant, INTEGRITY FINANCIAL PARTNERS, INC., ("INTEGRITY") is a professional corporation and citizen of the State of Kansas with its principal place of business at Suite 100, 4370 West 109 Street, Overland Park, Kansas 66211.

6. Defendant, HILCO RECEIVABLES, LLC, ("HILCO") is a limited liability company and citizen of the State of Illinois with its principal place of business at Suite 510, 5 Revere Drive, Northbrook, Illinois 60062.

## FACTUAL ALLEGATIONS

7. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

8. Defendant, HILCO, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Defendant, INTEGRITY, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

10. Defendant, INTEGRITY, regularly collects or attempts to collect debts for other parties.

11. Defendant, HILCO, is a "debt collector" as defined in the FDCPA.

12. Defendant, INTEGRITY, is a "debt collector" as defined in the FDCPA.

13. At all times material to the allegations of this complaint, Defendant, HILCO, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

14. At all times material to the allegations of this complaint, Defendant, INTEGRITY, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

15. Defendant, HILCO, authorized Defendant, INTEGRITY, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

16. Defendant, INTEGRITY, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of HILCO.

17. Defendant, HILCO, conveyed information to Plaintiff regarding the alleged debt through Defendant, INTEGRITY'S telephone calls to Plaintiff.

18. By virtue of its status as a debt collector, HILCO is vicariously liable to Plaintiff for INTEGRITY'S violations of the FDCPA. See *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. Pa. 2000); *McCorriston v. L.W.T., Inc.*, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); *Schutz v. Arrow Fin. Servs., LLC*, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

19. Defendant left the following messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

August 25, 2009 – Pre-Recorded Message
Press 1. To put this call on hold in order to bring Kevin Lewis to the phone, please press 2. If you are not Kevin Lewis, but can pass a message to Kevin Lewis, please press 3. If you are not Kevin Lewis, but would like to speak with an agent, please press 4. To repeat this message, please press 5.

August 26, 2009
Hi, this message is for Kevin, I'm calling from Integrity. Please return my call at 866-951-2349. Thank you.

August 28, 2009
My name is Pandora. I am trying to reach Kevin Lewis. It is very important that you return this call. Toll-free number is 866-951-2349. Again, our toll-free number is 866-951-2349. Thank you.

August 31, 2009 – Pre-Recorded Message
Please listen to this full message. If you are Kevin Lewis, please press 1. To put this call on hold in order to bring Kevin Lewis to the phone, please press 2. If you are not Kevin Lewis, but can pass a message to Kevin Lewis, please press 3. If you are not Kevin Lewis, but would like to speak with an agent, please press 4. To repeat this message, please press 5.

September 1, 2009 – Pre-Recorded Message
866-951-2349. It is important that this call is returned today. Again, my number is 866-951-2349. Thank you.

September 9, 2009 – No Discernable Message

September 11, 2009
Hi Kevin Lewis, my name is Ms. Ashley.  There's a matter in my office that requires your immediate attention and I do need to hear from you.  Please contact my office here at 866-751-2350.  I do need to make it clear that this is a time sensitive business matter that may directly affect you without your response, so it is in your best interest to contact me here at 866-951-2350.  Please do not overlook this business matter and contact my office as soon as possible.  I do have your file number in here, it's 156325.  Thank you and have a good day, Ms Ashley.

September 16, 2009
Hello this message is for Kevin Lewis.  Kevin this is Leni with Integrity Financial.  Please give me a call at 1-866-951-2349.  Thank you.

September 24, 2009
This is for Kevin Lewis, my name's Craig Michael, call me at 866-951-2349.

September 30, 2009
This message is for Kevin Lewis, my name is Ms. Massey.  I need you to contact me back today as soon as possible.  My number is 866-951-8055.

November 12, 2009 – Pre-Recorded Message
That someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

November 13, 2009 – Pre-Recorded Message
Important that someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

November 21, 2009 – Pre-Recorded Message
That someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

November 27, 2009 – Pre-Recorded Message
Someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

<u>November 30, 2009 at 10:38 AM – Pre-Recorded Message</u>
Someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

<u>November 30, 2009 at 7:56 PM – Pre-Recorded Message</u>
Someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

<u>December 1, 2009</u>
My name is Brandon Dodson and I need to speak to Kevin Lewis at 866-951-8055.  Again, Brandon Dodson for Kevin Lewis, 866-951-8055.

<u>December 7, 2009</u>
This message is for Kevin.  My name is Nick, I have a very important business matter to discuss with you.  It does need your immediate attention.  Give me a call at 866-951-8055.

<u>December 8, 2009 – Pre-Recorded Message</u>
Important that we speak with you.  We'll be with you shortly.  Thank you.

<u>December 9, 2009 – Pre-Recorded Message</u>
Someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

<u>December 10, 2009 – Pre-Recorded Message</u>
That someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

<u>December 21, 2009 – Pre-Recorded Message</u>
That someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

<u>December 24, 2009 – Pre-Recorded Message</u>
Someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

<u>January 4, 2010 – Pre-Recorded Message</u>
That someone contacts Mr. Martin at 866-951-8055.  Again, please contact Mr. Martin at 866-951-8055.  Thank you.

20. Defendant, INTEGRITY, left messages on other occasions and placed calls using an automatic telephone dialing system to Plaintiff's cellular telephone in which it did not leave a discernable message totaling in excess of 50 occasions. (Collectively, "the telephone messages").

21. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div*., Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

22. Defendant, INTEGRITY, failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of its messages.

23. Defendant, INTEGRITY, placed an excessive number of calls to Plaintiff.

24. Defendant, INTEGRITY, knew it was required to disclose that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

25. INTEGRITY, and other debt collectors acting on behalf of Defendant, HILCO, used an automatic telephone dialing system or an artificial or pre-recorded voice to place telephone calls to Plaintiff's cellular telephone without Plaintiff's prior express consent.

26. Defendant, INTEGRITY, willfully or knowingly violated the TCPA.

27. As assignee of the original creditor, Defendant, HILCO, is liable to Plaintiff for INTEGRITY'S violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

28. None of the telephone calls to Plaintiff were placed for "emergency purposes" as defined in the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

29. Plaintiff incorporates Paragraphs 1 through 28.

30. Defendant, INTEGRITY, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II

## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

31. Plaintiff incorporates Paragraphs 1 through 28.

32. Defendant, INTEGRITY, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it is a debt collector and or the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT III
## EXCESSIVE CALLING IN VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff incorporates Paragraphs 1 through 28.

34. Defendant, INTEGRITY, caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of

15 U.S.C §1692d(5). See <u>Sanchez v. Client Servs</u>., 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

35.    Plaintiff incorporates Paragraphs 1 through 28.

36.    Defendant, INTEGRITY, engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's cellular telephone to which Plaintiff had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT V
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

37. Plaintiff incorporates Paragraphs 1 through 28.

38. By using an automatic telephone dialing system or an artificial or pre-recorded voice to place calls to a cellular telephone service without prior express consent, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass Plaintiff, Defendant, INTEGRITY, willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit;

    c. declaring that Defendants' practices violate the FCCPA;

    d. permanently injoining Defendants from engaging in the complained of practices; and

    e. Such other or further relief as the Court deems proper.

## COUNT VI
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiff incorporates Paragraphs 1 through 28.

40. Defendant, INTEGRITY, acting on behalf of Defendant, HILCO, placed non-emergency telephone calls to Plaintiff's cellular telephone using an

automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

41. As assignee of the original creditor, Defendant, HILCO, is liable to Plaintiff for INTEGRITY'S, violation of the TCPA and its regulations. See paragraph 10, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2008 WL 65485, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877 (F.C.C. Jan 04, 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. a declaration that Defendants' calls violate the TCPA;

    c. a permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiffs using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Plaintiff; and

    d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

    DONALD A. YARBROUGH, ESQ.
    Attorney for Plaintiff
    Post Office Box 11842
    Ft. Lauderdale, FL 33339

Telephone: 954-537-2000
Facsimile: 954-566-2235
donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658