IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61564 LENARD/TURNOFF

KEVIN G. LEWIS,

    Plaintiff,

v.

INTEGRITY FINANCIAL PARTNERS,
INC., and HILCO RECEIVABLES, LLC,

    Defendants.

## ANSWER OF DEFENDANT INTEGRITY FINANCIAL PARTNERS, INC.

Defendant Integrity Financial Partners, Inc. (hereinafter "Integrity"), by and through its undersigned counsel, and for its Answer to Plaintiff's Complaint states the following:

1.    Integrity admits generally the assertion in Paragraph 1 that Plaintiffs' Complaint alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), the Florida Consumer Collection Practices Act (FCCPA), and the Telephone Consumer Protection Act (TCPA). However, Integrity denies that Plaintiff has any such claim or right to relief herein.

### JURISDICTION AND VENUE

2.    Integrity admits that generally, this Court has federal question jurisdiction regarding Plaintiff's FDCPA claims. However, Integrity denies that Plaintiff has any such claim or right to relief herein.

3.    Integrity denies the allegations of Paragraph 3.

## PARTIES

4. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 4, and therefore, denies the same for the present time.

5. Integrity admits the allegations in Paragraph 5.

6. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 6, and therefore, denies the same for the present time.

## FACTUAL ALLEGATIONS

7. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 7 as it is unclear as to which "Defendant" Plaintiff is referring, and therefore, denies the same for the present time.

8. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 8, and therefore, denies the same for the present time.

9. Integrity admits the allegations in Paragraph 9.

10. Integrity admits the allegations in Paragraph 10.

11. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 11, and therefore, denies the same for the present time.

12. Integrity admits the allegations in Paragraph 12.

13. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 13, and therefore, denies the same for the present time.

14. Integrity admits the allegations in Paragraph 14.

15. Integrity admits the allegations in Paragraph 15.

16. Integrity admits the allegations in Paragraph 16.

17. Integrity denies the allegations in Paragraph 17.

18. Paragraph 18 states a legal conclusion to which no response from Integrity is required. Should a response be deemed necessary, Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 18, and therefore, denies the same for the present time.

19. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 19, including each and every subparagraph contained therein, as it is unclear as to which "Defendant" Plaintiff is referring, and therefore, denies the same for the present time.

20. Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 20, and therefore, denies the same for the present time.

21. Paragraph 21 makes a legal conclusion to which no response from Integrity is required. Should a response be deemed necessary, Integrity lacks sufficient knowledge to admit or deny the allegations in Paragraph 21, and therefore, denies the same for the present time.

22. Integrity denies the allegations in Paragraph 22.

23. Integrity denies the allegations in Paragraph 23.

24. Paragraph 24 states a legal conclusion to which no response from Integrity is required. Should a response be deemed necessary, Integrity admits that the FDCPA requires debt collectors to disclose their identity and purpose of their call. However, Integrity denies the insinuation that it knowingly failed to provide the required disclosures in its communications to Plaintiff.

25. Integrity denies that it placed telephone calls to Plaintiff's cellular telephone without Plaintiff's prior express consent. Integrity lacks sufficient knowledge to admit or deny the remaining allegations in Paragraph 25, and therefore, denies the same for the present time.

26. Integrity denies the allegations in Paragraph 26.

27. Paragraph 27 states a legal conclusion to which no response from Integrity is required. Should a response be deemed necessary, Integrity denies the allegations in Paragraph 27.

28. Integrity admits the allegations in Paragraph 28.

### COUNT I – ALLEGED FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

29. Integrity reincorporates its responses to Paragraphs 1 through 28 above as if fully set forth herein.

30. Integrity denies the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

WHEREFORE, Integrity denies that Plaintiff is entitled to relief as alleged in Count I of Plaintiffs' Complaint.

### COUNT II – ALLEGED FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

31. Integrity reincorporates its responses to Paragraphs 1 through 28 above as if fully set forth herein.

32. Integrity denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

WHEREFORE, Integrity denies that Plaintiff is entitled to relief as alleged in Count II of Plaintiff's Complaint.

### COUNT III – ALLEGED EXCESSIVE CALLING IN VIOLATION OF THE FDCPA

33. Integrity reincorporates its responses to Paragraphs 1 through 28 above as if fully set forth herein.

34. Integrity denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

WHEREFORE, Integrity denies that Plaintiff is entitled to relief as alleged in Count III of Plaintiff's Complaint.

### COUNT IV – ALLEGED TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

35. Integrity reincorporates its responses to Paragraphs 1 through 28 above as if fully set forth herein.

36. Integrity denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

WHEREFORE, Integrity denies that Plaintiff is entitled to relief as alleged in Count IV of Plaintiff's Complaint.

### COUNT V – HARASSMENT IN VIOLATION OF THE FCCPA

37. Integrity reincorporates its responses to Paragraphs 1 through 28 above as if fully set forth herein.

38. Integrity denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.

WHEREFORE, Integrity denies that Plaintiff is entitled to relief as alleged in Count V of Plaintiff's Complaint.

### COUNT VI – ALLEGED VIOLATION OF THE TCPA

39. Integrity reincorporates its responses to Paragraphs 1 through 28 above as if fully set forth herein.

40. Integrity denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41.     Paragraph 41 states a legal conclusion to which no response from Integrity is required. Should a response be deemed necessary, Integrity denies the allegations in Paragraph 41.

WHEREFORE, Integrity denies that Plaintiff is entitled to relief as alleged in Count VI of Plaintiff's Complaint.

## JURY DEMAND

Defendant Integrity denies that Plaintiff is entitled to a trial by jury.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Any collection communication which may have allegedly violated the FDCPA or FCCPA is subject to a *bona fide error* defense, as EAF and/or Integrity maintain thorough training procedures for all employees who participate in collection communications, and any alleged error occurred notwithstanding the maintenance of such procedures.

3.      Any violation of the law or damage suffered by Plaintiff, which Integrity denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of Integrity or claim of damages against Integrity.

4.      Plaintiff's claims against Integrity are barred in whole or part by the applicable statute of limitations.

5.      Plaintiff has failed to mitigate his damages.

6.      Plaintiff's claims against Integrity are barred by the doctrines of acquiescence, consent and waiver.

7.      Integrity affirmatively invokes and asserts all defenses created by and under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, including, but not limited to,

Plaintiff's express consent to receive calls at the telephone number made the basis of this complaint.

8. Defendant Integrity reserves the right to assert any other affirmative defenses as revealed within the discovery process.

WHEREFORE, Integrity prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred.

Respectfully submitted,

*s/ Sarah L. Shullman*

Sarah L. Shullman
Fla. Bar No. 888451
sshullman@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
*Attorneys For Defendant Integrity Financial Partners, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record identified on the below Service List by CM/ECF.

*s/ Sarah L. Shullman*
Sarah L. Shullman

Donald A. Yarbrough, Esq. (Fla. Bar No. 0158658)
donyarbrough@mindspring.com
P.O. Box 11842
Ft. Lauderdale, FL 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
ATTORNEY FOR PLAINTIFF
WPB/573676.1