IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61564 LENARD/TURNOFF

KEVIN G. LEWIS,

Plaintiff,

v.

INTEGRITY FINANCIAL PARTNERS, INC., and HILCO RECEIVABLES, LLC,

Defendants.
______________________________/

**MOTION TO DISMISS COUNTS I, II, III, IV, AND V OF PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW, Defendants Integrity Financial Partners, Inc. ("Integrity") and Equable Ascent Financial, LLC ("EAF"), successor by reason of merger with Hilco Receivables, LLC, (collectively "Defendants"), through undersigned counsel, and file this Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(1), and state as follows:

## I. INTRODUCTION

This matter arises out of allegations that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a, *et seq.* (the "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat., § 559.55, *et seq.* (the "FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") in attempting to collect an unpaid bill from Plaintiff. Counts I, II, III, IV, and V are due to be dismissed for lack of subject matter jurisdiction.

Plaintiff Kevin Lewis' ("Plaintiff") Complaint contains six different counts against Defendant under three different federal and state statutes. Plaintiff's first four claims are for

alleged violations of the FDCPA, which carries a maximum statutory damages penalty of $1,000.00 *per case*. Plaintiff's next claim is for alleged violations of the FCCPA, which also carries a maximum statutory damages penalty of $1,000.00 *per case*. Plaintiff's sixth claim is for a violation of the TCPA.

On October 25, 2010, Defendants sent Plaintiff an offer of settlement, offering to settle Plaintiff's FDCPA and FCCPA claims for $2,001.00, plus reasonable attorney's fees and costs. The offer of settlement also offered to cease any and all communications and debt collection activities with regard to the debt that is the issue of this lawsuit. Based on the facts contained in Plaintiff's complaint, Defendants' offer is for more than the maximum recovery that Plaintiff could obtain by reaching a successful outcome on his FDCPA and FCCPA claims in this litigation.[1] Because the offer by Defendants fully satisfies Plaintiff's claims under the FDCPA and FCCPA, there is no need to litigate these claims further and this Court lacks jurisdiction over those claims and they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. On or about August 25, 2010, Plaintiff filed a six count complaint against Defendant, alleging violations of the FDCPA, FCCPA, and TCPA. (D.E. 1)

2. Plaintiff's Complaint contains four different counts under the FDCPA, alleging violations of: (1) 15 U.S.C. § 1692e(11) (failing to disclose in telephone message that caller is debt collector), *see* D.E. 1, ¶¶ 29-30; (2) § 1692d(6) (making a telephone call without meaningful disclosure of identity), *see* D.E. 1, ¶¶ 31-32; (3) § 1692d(5) (causing a telephone to ring repeatedly or continuously with intent to annoy, abuse or harass), *see* D.E. 1, ¶¶ 33-34; and (4) § 1692d (engaging in conduct to harass, oppress, or abuse by using an autodialer to call Plaintiff's

[1] Plaintiff's Complaint does not allege separate violations by each Defendant; rather, Plaintiff seeks to hold EAF vicariously liable for the actions of Integrity. Compl. ¶ 18.

cellular phone without consent), *see* D.E. 1, ¶¶ 35-36. In each of Plaintiff's FDCPA counts, he requests the same relief: (a) damages; (b) attorney's fees, litigation expenses and costs of suit; and (c) such other or further relief as the Court deems proper. *See id.*, ¶¶ 29-36.

3. Plaintiff's complaint contains one count under the FCCPA, alleging that by using an autodialer and frequently telephoning Plaintiff, Defendants violated § 559.72(7). *See* D.E. 1, ¶¶ 37-38. Plaintiff requests the following relief: (a) damages; (b) attorney's fees, litigation expenses and costs of suit; (c) a declaration that Defendants' practices violate the FCCPA; (d) a permanent injunction prohibiting Defendants from engaging in the complained of practices; and (e) such other or further relief as the Court may deem proper. *See id.*

4. Finally, Count VI of Plaintiff's complaint alleges a violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii). *See* D.E. 1, ¶¶ 39-41. Plaintiff seeks the following relief: (a) damages; (b) a declaration that Defendants' practices violate the TCPA; (c) a permanent injunction prohibiting Defendants from engaging in the complained of practices; and (d) such other or further relief as the Court may deem proper. *See id.*

5. On or about October 25, 2010, counsel for Defendants sent counsel for Plaintiff a letter, which stated, in pertinent part:

> My clients, Integrity Financial Partners, Inc. ("Defendant"), and Equable Ascent Financial, LLC ("EAF"), successor by reason of merger with Hilco Receivables, LLC, (collectively "Defendants"), have authorized me to make a global offer of settlement to plaintiff Kevin G. Lewis ("Plaintiff") to resolve the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA") claims that he has against Defendant, as follows:
>
> 1. Defendants will pay Plaintiff Two Thousand One Dollars and NO/100 ($2,001.00), plus reasonable attorney's fees and costs relating to Plaintiff's claims against Defendants for alleged violations of the FDCPA and FCCPA.
>
> 2. Defendants will cease all communications and collection activity with Plaintiff in regard to the debt that is at issue in this lawsuit and will not engage in any of the complained of practices with respect to Plaintiff.

3. Any attorney's fees and costs recoverable by Plaintiff are separate and apart from and offered in addition to the $2,001.00 offered in paragraph 1.

4. Any attorney's fees and costs recoverable by Plaintiff are to be determined by the Court in accordance with applicable law if the parties cannot agree on an amount.

5. This offer does not contemplate or affect Plaintiff's Telephone Consumer Protection Act ("TCPA") claim against Defendants.

*See* Ex. A, Letter from S. Shullman to D. Yarbrough, October 25, 2010.

## III. STANDARD OF REVIEW

Attacks on subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) come in two forms: "facial attacks," which require a court to evaluate a pleading and determine if the plaintiff has sufficiently alleged a basis for subject matter jurisdiction and "factual attacks," which challenge the "existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings … are considered." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-1529 (11th Cir. 1990). The attack in this case is factual, meaning, "in short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* The allegation that the Court lacks subject matter jurisdiction is a defense that can never be waived or forfeited. *See, U.S. v. Cotton*, 535 U.S. 625, 630, 122 S. Ct. 1781, 152 L. Ed. 2d 860 (2002).

A motion to dismiss for lack of subject matter jurisdiction may be made at any time. *Compagnoni v. United States*, 173 F.3d 1369, 1370 (11th Cir. 1999). Furthermore, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The court's jurisdiction to consider a plaintiff's claim is limited by Article III of the United States Constitution, which permits federal courts to consider only actual "cases" and "controversies." U.S. Const., Art. III; *see National Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir. 2005). "[A] case is

moot when it no longer presents a live controversy ... If events that occur subsequent to the filing of a lawsuit ... deprive the court of the ability to give the plaintiff ... meaningful relief, then the case is moot and must be dismissed." *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1281-82 (11th Cir. 2004); *see also, Church of Scientology of California v. U.S.*, 506 U.S. 9, 12 (1992); *S. Utah Wilderness Alliance v. Smith,* 110 F.3d 724, 727 (10th Cir. 1997); *Chamber of Commerce of the USA v. United States Dep't of Energy*, 627 F.2d 289, 291 (D.C.Cir. 1980).

## IV. COUNTS I, II, III, IV, AND V OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

### A. No case or controversy exists between the parties

Plaintiff's FDCPA and FCCPA claims are due to be dismissed because this Court now lacks subject matter jurisdiction over these claims. "A threshold issue of subject matter jurisdiction is justiciability." *Jones v. CBE Group, Inc.*, 215 F.R.D. 558, 562 (D. Minn. 2003) (citing *McCarney v. Ford Motor Co.*, 657 F.2d 230, 233 (8th Cir. 1981)). "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions." *United States Nat'l Bank of Oregon v. Independent Ins. Agents of America*, 508 U.S. 439, 446 (1993); *citing Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). If a federal court lacks subject matter jurisdiction over a cause of action, the court "shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The case or controversy requirement continues to exist throughout the entire litigation. To sustain jurisdiction, "the parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

**B. <u>Defendants offered full damages Plaintiff would be entitled to recover under the FDCPA and FCCPA should the violations be proven</u>**

After initially filing his complaint, Plaintiff's FDCPA and FCCPA claims satisfied the constitutional case or controversy requirement. However, since then, Plaintiff has been offered the maximum amount of available recovery and now this Court lacks subject matter jurisdiction over this proceeding.

Under the FDCPA, Plaintiff can recover no more than $1,000.00 in statutory damages per action, regardless of the number of violations proven. *See Harper v. Better Business Servs., Inc.*, 961 F.2d 1561, 1562 (11th Cir. 1992); *Wright v. Finance Serv.*, 22 F.3d 647, 650 (6th Cir. 1994).

The FCCPA provides that a defendant may be liable for "actual damages" and for "additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff." § 559.77(1)-(2), Fla. Stat. Like the FDCPA, a plaintiff may only recover $1,000.00 *per case* and not per violation. *See Peters v. Collision Clinic's Int'l Inc.*, 404 So. 2d 116 (Fla. 4th DCA 1981).

Defendants offered $2,001.00, "plus reasonable attorney's fees and costs relating to Plaintiff's claims against Defendants for alleged violations of the FDCPA and the FCCPA," which is $1.00 *more* than Plaintiff's claimed damages in his Complaint. *See* Ex. A. Moreover, if Plaintiff proves violations of the FDCPA and the FCCPA, his damages would be limited to $1,000.00 under the FDCPA and $1,000.00 under the FCCPA, plus reasonable attorney's fees and costs of the action. Defendant has offered Plaintiff more than that relief. *See* Ex. A.

Plaintiff's FCCPA claims request an additional item, that the Court issue an order "permanently enjoining Defendants from engaging in the complained of practices." Defendants' offer of settlement specifically states that Defendants "will cease all communications and debt collection activity with Plaintiff in regard to the debt that is at issue in this lawsuit and will not

engage in any of the complained of practices with respect to Plaintiff." *See* Ex. A. Therefore, litigating this case for "injunctive relief" is unnecessary due to Defendants' offer to cease from engaging in the complained of practices.

As such, even if Plaintiff were able to prove violations of the FDCPA and FCCPA, his damages would be limited to $2,000.00 total, plus attorney's fees and costs of the action. Defendants have offered Plaintiff $1.00 more than the requested relief and have agreed to comply with Plaintiff's request for injunctive relief. As such, there is no longer any case or controversy with respect to Plaintiff's FDCPA and FCCPA claims and, thus, they must be dismissed.

The fact that the offer was informal in nature does not affect this Court's resolution of the jurisdictional issue. *See Deposit Guaranty National Bank v. Roper,* 445 U.S. 326, 343-44 (U.S. 1980) (Mootness may result from a number of causes, including expiration of the plaintiff's claim, satisfaction of the claim by the defendant, cessation of the unlawful conduct without likelihood of repetition, or by interim remedy of the court itself with renders the dispute unlikely to recur in the future); *see also County of Los Angeles v. Davis*, 440 U.S. 625, 634 (1979).

An offer that satisfies plaintiff's entire claim for relief eliminates the controversy between the parties and leaves nothing for the court to resolve, effectively mooting the action and removing jurisdiction. *See Taylor v. CompUSA, Inc*., 2004 U.S. Dist. LEXIS 14492, *5 (N.D. Ga. 2004); *Weiss v. Regal Collections,* 385 F.3d 337, 340 (3rd Cir. 2004); *Rand v. Monsanto Co*., 926 F.2d 596, 598 (7th Cir. 1991); *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878 (7th Cir. 1987); *Zimmerman v. Bell*, 800 F.2d 386, 390 (4th Cir. 1986); *Abrams v. Interco, Inc*., 719 F.2d 23, 32-34 (2nd Cir. 1983); *MacKenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003). Plaintiff's claims, upon filing of the Complaint,

initially satisfied the constitutional case or controversy requirement. However, "[i]t is not enough that a dispute was very much alive when suit was filed…[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *See Lewis,* at 477-478. Since Plaintiff has been offered more than the maximum recoverable damages under the FDCPA and the FCCPA, he no longer has an ongoing controversy with the Defendants regarding these five claims.

Numerous federal courts, including the Southern District of Florida, have recognized that an offer of settlement that satisfies a plaintiff's FDCPA claim moots the claim and requires its dismissal. *See Lewis v. Central Credit Services, Inc.*, No. 09-22406-CIV-HUCK/O'SULLIVAN, Doc. 32 (S.D. Fla. June 10, 2010) ("[T]he full offer of judgment on Plaintiff's FDCPA claim renders that claim moot."); *Jones*, 215 F.R.D. at 565 (dismissing the plaintiff' FDCPA claim as moot); *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 852 (W.D. Ky. 2007) (same); *Ambalu v. Rosenblatt*, 194 F.R.D. 451, 453 (E.D.N.Y. 2000) (same); *c.f. MacKenzie v. Kindred Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1219 (M.D. Fla. 2003) (dismissing Fair Labor Standards Act claim as moot after defendant offered plaintiff all available relief). There is no requirement that the plaintiff deny the offer before the defendant moves for dismissal because "**[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate . . . .**" *Rand*, 926 F.2d at 598 (emphasis added).

Moreover, this Court has uniformly held in other recent cases that an offer similar to the offer made by the Defendant satisfies a plaintiff's FDCPA claims. *See, e.g. Lewis v Central Credit Svcs., Inc.*, *supra*; *Outten v. United Collection Bureau, Inc.*, Case No. 09-21817 (S.D. Fla. April 6, 2010) (Gold, J.); *Mims v Arrow Fin. Svcs.*, Case No. 09-22347; *Harmon v. Accounts Receivable Management, Inc.,* Case No. 08-81438; *Ortega v. United Collection Bureau,* 09-22657 (S.D. Fla. July 8, 2010) (Graham, J.).

**C. Plaintiff's acceptance or non-acceptance of the offer is irrelevant**

"Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright, under Federal Rule of Civil Procedure 12(b)(1), because he has no remaining stake." *Holstein v. City of Chicago*, 29 F.3d 1145, 1146 (7th Cir. 1994); *Zimmerman*, 800 F.2d at 390; *Abrams*, 719 F.2d at 32-34; *Spencer-Lugo v. INS*, 548 F.2d 870 (9th Cir.1977). "Under traditional mootness principles, an offer for the entirety of a plaintiff's claim will generally moot the claim." *Weiss*, at 342.

There is nothing further for Plaintiff to gain by litigating his FDCPA and FCCPA claims. As this Court recently noted, "You cannot persist in suing after you've won." *Muldrow v. Credit Bureau Collection Services*, Case No. 09-61792 (S.D. Fla. June 30, 2010) (Cooke, J.) (quoting *Greisz v. Household Bank (Ill.), NA.*, 176 F.3d 1012, 1015 7th Cir. 1999)). As a result, jurisdiction over the Plaintiff's FDCPA and FCCPA claims cannot be sustained.

**V. CONCLUSION**

Defendants have offered Plaintiff all the relief that he is entitled to recover under the FDCPA and FCCPA. As such, this Court no longer has jurisdiction over Counts I, II, III, IV, and V and they must be dismissed.

WHEREFORE, Defendants respectfully request an Order from this Court dismissing Counts I, II, III, IV, and V of Plaintiff's lawsuit for lack of jurisdiction; for their reasonable fees and costs in defending this matter; and for any such other and further relief as this Court deems just.

Respectfully submitted,

*s/ Sarah L. Shullman*

Sarah L. Shullman
Fla. Bar No. 888451
sshullman@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
1900 Phillips Point West
777 South Flagler Drive
West Palm Beach, FL 33401-6198
Telephone: (561) 650-7200
Facsimile: (561) 655-1509
*Counsel for Defendants*

Daniel S. Rabin
drabin@bermanrabin.com
Missouri Bar No. 37315
Kansas Bar No. 13253
Berman & Rabin, P.A.
15280 Metcalf
Overland Park, KS 66223
Main phone: 913-649-1555
Fax: 913-652-9474
*Co-Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to below counsel of record, this 5th day of November, 2010.

*s/ Sarah L. Shullman*

Sarah L. Shullman

Donald A. Yarbrough, Esq.
donyarbrough@mindspring.com
P.O. Box 11842
Ft. Lauderdale, FL 33339
*Attorney for Plaintiff*